UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTOYYA SIMS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
et al.,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:22-cv-975

**REPORT AND RECOMMENDATION**

Plaintiff filed this action in the Michigan Court of Claims on or about September 9, 2022, against a host of defendants, including the United States, the United States Postal Service (USPS), and Kara, a USPS employee (Federal Defendants). (ECF No. 1-1 at PageID.12.) Plaintiff's action largely concerns an eviction proceeding that occurred from 2019 through 2021, as well as events that occurred in the months before the eviction proceeding, but many of the events and defendants included in the complaint were unrelated, or only tangentially connected, to the eviction proceeding. On October 19, 2022, the Federal Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). (ECF No. 1.) Section 1442 provides for removal of a case to federal district court when the United States or an agency thereof is a party. On October 27, 2022, the Court dismissed the Federal Defendants with prejudice pursuant to the parties' stipulation. (ECF No. 25.) Thus, with those Defendants dismissed from this action, the original basis for removal jurisdiction no longer exists.

Pursuant to the removal statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This provision "allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue. Moreover, the general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).

I have reviewed the amended complaint to determine whether any other basis for federal jurisdiction exists and conclude that neither federal question nor diversity jurisdiction is present. As a matter of clarification, the pleading the Federal Defendants attached to their notice of removal was the original complaint but was not the operative pleading in the Court of Claims action at the time of removal. I had initially determined this to be true because the brief that Defendants State of Michigan, Michigan Judicial Tenure Commission, Lynn Helland, and Glen Page filed in support of their pending motion to dismiss states that Plaintiff filed "multiple 'amended complaints'" in the Court of Claims prior to removal, and the pleading it describes does not align with the complaint that had been docketed in this case. (ECF No. 16 at PageID.153–54.)

In any event, this Court has now received the state-court file (ECF No. 30), and having reviewed the amended complaint, I offer some general observations regarding jurisdiction. First, a major theme of Plaintiff's action is that she was injured by improper or erroneous rulings (Defendant Westra) in the eviction proceeding. This is apparent from her claim of intentional breach of judicial duty in Count III of the amended complaint. (ECF No. 30-13 at PageID.967–68.) It is well established that federal district courts lack jurisdiction to review orders and decisions of state courts. *See Johnson v. Ohio Supreme Ct.*, 156 F. App'x 779, 782 (6th Cir. 2005) ("With

the exception of their power to issue writs of habeas corpus, [federal district courts] are without power to review decisions rendered by state courts." (citing *Exxon Mobile Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005))). The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). Therefore, this Court may not entertain an action that, in effect, appeals or claims injury from a state-court judgment or order. Second, Plaintiff's random and vague statements in the amended complaint about "failer [sic] of due process" (ECF No. 30-12 at PageID.896), "freedom of religion[,] speech, press, assembly, and petition . . . [and] freedom from excessive, bail, cruel and unusual punishments; other rights of the people; due process; powers reserved to the states, and equal protection" (ECF No. 30-14 at PageID.977–78), are insufficient to give rise to federal-question jurisdiction. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction."); *McKeague v. Matsuura*, No. 08-00571, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) ("Although Plaintiff cites to a handful of federal criminal statutes, he fails to sufficiently demonstrate that his claims arise under federal law."); *Grimes v. Lucas Ctny. Child Support Enf't*, No. 3:18CV2524, 2018 WL 6040743, at *2 n.3 (N.D. Ohio Nov. 19, 2018) (dismissing complaint for want of subject matter jurisdiction despite the plaintiff's references to federal criminal statutes barring deprivation

of constitutional rights); *Tortora v. City of Shelton Bd. of Fire Comm'rs*, No. 3:12CV951, 2012) WL 4854694, at *3 (D. Conn. Oct. 11, 2012) (without more, "vague references to federal law and due process do not give rise to federal-question jurisdiction"). Third, the causes of action set forth in Counts I through IX of the operative pleading all appear to be state-law causes of action, but complete diversity does not exist in this case because Plaintiff and many Defendants are citizens of Michigan. Finally, I note that Plaintiff has filed a motion to remand pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction over the action. (ECF No. 26 at PageID.210.)

Accordingly, because the Federal Defendants are no longer parties in this action, the Court lacks removal jurisdiction under 28 U.S.C. § 1442, and there is no other basis for removal jurisdiction. Therefore, the Court should remand the action to the Michigan Court of Claims. *See Bank of New York Mellon v. Davidson*, No. 1:17-cv-1335, 2021 WL 1828079, at *2–3 (E.D. Cal. May 7, 2021).

## Conclusion

For the reasons set forth above, I recommend that the Court **remand** this action to the Michigan Court of Claims for lack of subject matter jurisdiction.

Dated: November 1, 2022  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).