UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTOYYA SIMS,

    Plaintiff,

v.

    CASE No. 1:22-cv-975

    HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

    Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Berens' Report and Recommendation in this matter (ECF No. 40) and Plaintiff's Objection and Amended Objection to it. (ECF Nos. 45 and 47). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Berens' Report and Recommendation is factually sound and legally correct.

The Magistrate Judge accurately recited the procedural history of this case thus far. Plaintiff originally filed this action in the Michigan Court of Claims on September 9, 2022, against a number of defendants, including the United States, the United States Postal Service, and a Postal Service employee.  On October 19, 2022, those defendants removed Plaintiff's lawsuit to this court under 28 U.S.C. §§ 1441 and 1442.  Eight days later, on October 27, 2022, the Court dismissed those defendants based upon the parties' stipulation.  (ECF No. 25).  Plaintiff subsequently filed a motion to remand this matter back to the State Court.  (ECF No. 26).  Five days after that, the Magistrate Judge issued the instant Report and Recommendation that recommended the Court remand this case back to the Michigan Court of Appeals, which is the very relief Plaintiff sought in the motion to remand.  (ECF No. 40).

Somewhat inexplicably, then, Plaintiff has filed an Objection and an Amended Objection to the Report and Recommendation.  (ECF Nos. 45 and 47).  The Objections are difficult to decipher but it appears that Plaintiff does not necessarily object to remanding this matter.  Rather she objects, using at times strong language, to the time that has elapsed since she filed her motion on October 27, 2022 (less than one month ago).  *See* ECF No. 47, PageID.1736 (I asked that a conference be set for the reason as to why a remand has not happened[.] . . . The case should have been remanded back . . . after the party was removed and the order granting the removal was signed[.]"); *Id.* at PageID.1754 ("I made sure I listed EVERYTHING you could have possibly needed to remand my case back to State Court on October 26, 2022, and it was ignored."). Contrary to Plaintiff's suggestion, her motion to remand was not ignored.  The Magistrate Judge, acting under her statutory authority in 28 U.S.C. § 636 acted expeditiously by filing the Report

2

and Recommendation on the motion only five days after Plaintiff filed her motion. The time set by statute for objections, moreover, has only recently elapsed. The undersigned has now acted on the Report and Recommendation and the underlying motion, all in under one month since this action was originally removed. No more need be said.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 40) is **APPROVED and ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Michigan Court of Claims.


Dated:   November 21, 2022                  /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE